F. #2015R00855

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - X

IN RE APPLICATION OF                                    SEALED APPLICATION
THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE USE OF
A PEN REGISTER AND A TRAP AND TRACE
DEVICE

- - - - - - - - - - - - - - - - - - - - - - X

    Margaret E. Gandy, an Assistant United States Attorney for the Eastern

District of New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. §§

3122 and 3123, authorizing for a period of 60 days the installation and use of a pen register

and a trap and trace device on (917) 531-4182, a telephone issued by Sprint (the "service

provider") and subscribed to by James Williams at 2127 Dean Street, Brooklyn, New York

11233 (the "SUBJECT TELEPHONE").

    In support of this application I state the following:

    1.  I am an Assistant United States Attorney in the Office of Kelly T.

Currie, Acting United States Attorney for the Eastern District of New York.  As such, I am

an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal

Procedure, and therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order authorizing

the installation and use of pen registers and trap and trace devices.

    2.  The Court has authority to order the installation and use of a pen

register or a trap and trace device anywhere in the United States if the Court finds that the

attorney for the government has certified to the Court that the information likely to be

obtained is relevant to an ongoing criminal investigation.  18 U.S.C. §§ 3122 and 3123.  As

1

the United States Court of Appeals for the Second Circuit has explained, an application for a

pen register or trap and trace device

> need only identify the applicant and the investigating law
> enforcement agency and certify that "the information likely to
> be obtained is relevant to an ongoing criminal investigation
> being conducted by that agency." 18 U.S.C. § 3122(b)(2). The
> provision was not intended to require independent judicial
> review of relevance; rather, *the reviewing court need only verify*
> *the completeness of the certification.*

*In re United States*, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis added); *accord In re*

*Applications*, 515 F. Supp. 2d 325, 329 (E.D.N.Y. 2007) (explaining "minimal requirement"

of Section 3122(b)).

      3.     Based on information provided to me by a Special Agent with the

Federal Bureau of Investigation (the "investigative agency"), I hereby certify that the

investigative agency is conducting an ongoing criminal investigation into possible violations

of federal criminal laws, including narcotics offenses in violation of 21 U.S.C. § 841, by

James Williams also known as "Fly," occurring in the Eastern District of New York and

elsewhere, and that the information likely to be obtained from a pen register and trap and

trace device on the SUBJECT TELEPHONE is relevant to that investigation.

      4.     Based upon the above certification, the government requests that the

Court issue an Order that provides:

      a.     Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for the

installation and use of a pen register to record or decode dialing, routing, addressing, or

signaling information — excluding the decoding of post-cut-through dialed digits

("PCTDD")[1] — transmitted from the SUBJECT TELEPHONE, to record the date and time

of such dialings or transmissions, and to record the length of time the telephone receiver in

question is "off the hook" for incoming or outgoing calls for a period of 60 days.

   b.  Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for

installation and use of a trap and trace device on the SUBJECT TELEPHONE to capture and

record the incoming electronic or other impulses which identify the originating numbers or

other dialing, routing, addressing, or signaling information reasonably likely to identify the

sources of wire or electronic communications and to record the date, time and duration of

calls created by such incoming impulses, for a period of 60 days, and that the tracing

operations be without geographical limits.

   c.  Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the

requested installation and use of a pen register and a trap and trace device to include the use

of such a pen register and a trap and trace device on any changed telephone number assigned

to an instrument bearing the same ESN, IMSI and/or IMEI as the SUBJECT TELEPHONE,

or any changed ESN, IMSI and/or IMEI subsequently assigned to the same telephone

number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or

ESN, IMSI and/or IMEI, whether the changes occur consecutively or simultaneously, listed

---

  [1]  PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" *In re Application*, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. *See id.* at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

to the same subscriber and account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

5.      The government further requests that the Court direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE, including telephone numbers and subscriber information (published and non-published, and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6.      The government further requests that, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service of the Order upon them, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

7.      The government further requests that the Order direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to furnish the results of the pen register and trap and trace device installations to special agents of the

4

investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.      Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Order be ordered not to disclose to the listed subscriber of the telephone, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might jeopardize this investigation because it would alert the target to the existence of an investigation and might lead to the destruction or concealment of evidence and the flight of target.

9.      No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. *See* 28 U.S.C. § 1746.

Dated: Brooklyn, New York
     July 27, 2015

                      Margaret E. Gandy
                      Assistant United States Attorney
                      (718) 254-6213

F. #2015R00855

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - X
IN RE APPLICATION OF
THE UNITED STATES OF AMERICA             SEALED ORDER
FOR AN ORDER AUTHORIZING THE USE OF    OF AUTHORIZATION
A PEN REGISTER AND A TRAP AND TRACE
DEVICE
- - - - - - - - - - - - - - - - - - - - - - X

This matter comes before the Court pursuant to an application by Assistant

United States Attorney Margaret E. Gandy, an attorney for the Government as defined by

Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative

of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) requesting an Order pursuant

to 18 U.S.C. §§ 3122 and 3123, authorizing for a period of 60 days the installation and use of

a pen register and a trap and trace device on (917) 531-4182, a telephone issued by Sprint

(the "service provider") and subscribed to by James Williams at 2127 Dean Street, Brooklyn,

New York 11233 (the "SUBJECT TELEPHONE").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that the information likely to be

obtained by use of a pen register and a trap and trace device is relevant to an ongoing

criminal investigation being conducted by the Federal Bureau of Investigation, (the

"investigative agency") into possible violations of federal criminal laws, including narcotics

offenses in violation of 21 U.S.C. § 841 by James Williams also known as "Fly," occurring

in the Eastern District of New York and elsewhere, and that the information likely to be

obtained from a pen register and trap and trace device on the SUBJECT TELEPHONE is

relevant to that investigation.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123, that special agents

of the investigative agency may install, or cause to be installed, and use a pen register to

record or decode dialing, routing, addressing, or signaling information transmitted from the

SUBJECT TELEPHONE — excluding the decoding of post-cut-through dialed digits

("PCTDD")[2] — to record the date and time of such dialings or transmissions, and to record

the length of time the telephone receiver in question is "off the hook" for incoming or

outgoing calls for a period 60 days, beginning at any time within 14 days from the date of

this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special

agents of the investigative agency may install, or cause to be installed, and use a trap and

trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic

or other impulses which identify the originating number, or other dialing, routing,

addressing, and signaling information reasonably likely to identify the source of a wire or

electronic communication, and to record the date, time, and duration of calls created by such

---

[2]     PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" *In re Application*, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. *See id.* at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

2

incoming impulses, for a period of 60 days, beginning at any time within 14 days from the

date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED that this authorization for the installation and

use of a pen register and a trap and trace device applies not only to the telephone number

listed above for the SUBJECT TELEPHONE, but also to any changed telephone number

assigned to an instrument bearing the same ESN, IMSI and/or IMEI as the SUBJECT

TELEPHONE, or any changed ESN, IMSI and/or IMEI subsequently assigned to the same

telephone number as the SUBJECT TELEPHONE, or any additional changed telephone

number and/or ESN, IMSI and/or IMEI, whether the changes occur consecutively or

simultaneously, listed to the same subscriber and wireless telephone account number as the

SUBJECT TELEPHONE within the 60-day period authorized by this Order.

IT IS FURTHER ORDERED that the service provider and any other person or

entity providing wire or electronic communication service in the United States whose

assistance is used to facilitate execution of the Order notify special agents of the investigative

agency, upon oral or written request, of any and all changes in service regarding the

SUBJECT TELEPHONE to include telephone numbers and subscriber information

(published and non-published and excepting call detail records as described in 18 U.S.C.

§ 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2),

and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider

and any other person or entity providing wire or electronic communication service in the

United States whose assistance may facilitate execution of the Order shall furnish special

agents of the investigative agency forthwith all information, including but not limited to

3

telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity whose assistance is used to facilitate this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT

4

TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving

outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
      July __ , 2015

_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

F. #2015R00855

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**15 MISC 1428**

- - - - - - - - - - - - - - - - - - - - - - X

IN RE APPLICATION OF
THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE USE OF
A PEN REGISTER AND A TRAP AND TRACE
DEVICE

SEALED ORDER
TO SERVICE PROVIDER

- - - - - - - - - - - - - - - - - - - - - - X

WHEREAS this Court has, upon the application of the United States of

America, entered an Order pursuant to 18 U.S.C. §§ 3121 *et seq.*, authorizing the use of a

pen register and a trap and trace device for a period of 60 days on (917) 531-4182, a

telephone issued by Sprint (the "service provider") and subscribed to by James Williams at

2127 Dean Street, Brooklyn, New York 11233 (the "SUBJECT TELEPHONE"), in

connection with an ongoing criminal investigation;

Now therefore, it is hereby:

1.      ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the

Federal Bureau of Investigation (the "investigative agency") may install, or cause to be

installed, and use a pen register to record or decode dialing, routing, addressing, or signaling

information transmitted from the SUBJECT TELEPHONE to record the date and time of

such dialings or transmissions, and to record the length of time the telephone receiver in

question is "off the hook" for incoming or outgoing calls for a period of 60 days, beginning

at any time within 14 days from the date of this Order.

2.      IT IS FURTHER ORDERED that, to the extent possible in light of the

service provider's technical capabilities, the service provider shall forward to the

investigative agency only those digits dialed before a call is cut-through.  However, to the extent that the service provider is unable to exclude post-cut-through dialed digits, the service provider shall forward all dialed digits to the investigative agency.

3.      IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

4.      IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(1)(C), that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number assigned to an instrument bearing the same ESN, IMSI and/or IMEI as the SUBJECT TELEPHONE, or any changed ESN, IMSI and/or IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or ESN, IMSI and/or IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

5.      IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States

2

whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE to include telephone numbers and subscriber information (published and non-published, and excepting call detail records, as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6.      IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

7.      IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.     IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

9.     IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

10.     IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed

4

subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating

incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any

other person.

Dated: Brooklyn, New York
July    , 2015


THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5